IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JESSIE FUENTES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Jessie Fuentes is the duly elected Alderperson of the 26th Ward of the City of Chicago. On October 3, 2025, during the U.S. Department of Homeland Security's Operation Midway Blitz in Chicago, U.S. employees entered Humboldt Park Health Hospital Emergency Room, uninvited and having injured a constituent of Ald. Fuentes. Hospital leadership and staff, alarmed at this intrusion, summoned Ald. Fuentes. When Ald. Fuentes arrived and asked U.S. employees if they had a warrant for the individual, the U.S. employees, aware that she was an elected official and that she was not violating any law, physically shoved her, grabbed her, swore at her, threatened her, and handcuffed her, causing physical, psychological and emotional injuries. This is a Federal Tort Claims Act ("FTCA") action seeking compensatory damages plus costs and attorneys' fees and whatever additional relief this court finds equitable and just.

**JURISDICTION AND VENUE**

1.     The jurisdiction of the Court is invoked pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 *et seq.*

2. Venue is proper under 18 U.S.C. § 1402(b) and 28 U.S.C. § 1391 because the acts and omissions at issue herein took place within this District, and Plaintiff resides herein.

## PARTIES

3. Plaintiff Jessie Fuentes is a resident of Chicago, Illinois and is the duly elected Alderperson of the 26th Ward of the City of Chicago encompassing the Humboldt Park neighborhood where many Latinx reside.

4. At all times relevant to this suit, Defendant United States of America had as constituent agencies the United States Immigration and Customs Enforcement (ICE) and the United States Customs and Border Protection (CBP), federal law enforcement agencies under the U.S. Department of Homeland Security (DHS).

5. At all times relevant to this Complaint, the United States of America employed the agents, who were investigative or law enforcement officers of the U.S., that is, as officers of the United States who were empowered by law to execute searches, to seize evidence, or to make arrests for violations of federal law. See, e.g., 8 U.S.C. § 1357; 19 U.S.C. § 1589a. These agents were present on October 3, 2025 inside and outside Humboldt Park Health Hospital Emergency Room, and, while acting within the scope of their office or employment, occasioned the acts and omissions which caused Plaintiff's injuries.

## FACTS

6. On October 3, 2025, Plaintiff Jessie Fuentes was the duly elected Alderperson of the 26th Ward of the City of Chicago, carrying out her duties and responsibilities as such.

7. In early September of 2025, the Trump administration launched Operation Midway Blitz in Chicago, a federal immigration crackdown resulting in the arrest of many Chicago residents,

in which federal agents used military-style tactics, tear gas, and violence, terrorizing the civilian population throughout Chicago.

8.     Within a week of the launch, federal agents shot and killed a man in the Chicago area and, outside the Broadview Immigration and Customs Enforcement detention facility, for weeks, agents hit protestors with chemical agents and rubber bullets.

9.     On October 3, the Department of Homeland Security announced it had arrested more than 1,000 individuals, many of whom, it was later determined, were arrested without cause or justification.

10.     Humboldt Park Health Hospital is a community nonprofit safety net hospital serving the Humboldt Park Latinx neighborhood, whose website states: "Our hospital is a safe place for everyone – no matter who you are or where you come from."

11.     The morning of October 3, 2025, leadership of Humboldt Park Health Hospital, located in Plaintiff's Ward, contacted Plaintiff, requesting her presence at the hospital Emergency Room, because federal agents were present there, uninvited, frightening staff and patients.

12.     Plaintiff arrived at the hospital Emergency Room to advocate for her constituents, where leadership and staff informing her that agents were there detaining an injured man, and anxiously escorted her to the federal agents.

13.     Plaintiff initially encountered two agents in plain clothes, one with his face masked, both of whom refused to provide their names.

14.     Plaintiff identified herself as an elected official and asked the agents if they had a warrant to arrest the patient.

15. Rather than respond to her inquiry, the agents swore at Plaintiff, telling her to "get the f*** out of here," and, without warning, one of them shoved her, contact to which Plaintiff did not consent.

16. Plaintiff again asked the agents if they had a warrant.

17. In response, the agents again shoved Plaintiff, roughly grabbed both her arms, spinning her body around, yanking her arms behind her back and handcuffing her tightly with metal handcuffs behind her back, contacts to which Plaintiff did not consent.

 

18. These agents then removed Plaintiff from the hospital, where Plaintiff encountered two additional federal agents.

19. Plaintiff asked why she was being arrested and continued to advocate for her constituents. The agents removed the handcuffs and threatened to criminally charge Plaintiff and take her into custody if she returned to the hospital.

20. As a direct and proximate result of Defendant's employees' acts and omissions, as set forth above, Plaintiff suffered, *inter alia*, physical, psychological and emotional injuries, including pain and suffering, trauma, shoulder pain, sleep difficulties and nightmares, anxiety and emotional distress.

### COUNT I
### Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

21. Paragraphs 1-16 of this complaint are incorporated as if fully restated herein.

22. Plaintiff has performed the adequate prerequisites to filing this action as required by 28 U.S.C. § 2675. Plaintiff timely submitted her claim to the appropriate federal agencies, which acknowledged receipt of Plaintiff's claim on February 24, 2026. More than six months has elapsed without any action by the United States. Therefore, pursuant to 28 U.S.C. § 2675, Plaintiff's claim is deemed to have received a final denial, entitling Plaintiff to institute and file the cause of action herein.

23. If Defendant United States were a private person, it would be liable to Plaintiff Fuentes in accordance with the laws of the State of Illinois.

24. The wrongful acts perpetrated by the federal agents on October 3, 2025 involved no element of judgment or choice and no exercise of discretion based on any consideration of public policy.

25. In the manner described more fully above, the federal agents, who were at all relevant times employees and investigative or law enforcement officers of Defendant United States, acted within the scope of their employment, owed a duty of care to Plaintiff and breached their duty of care by negligently and wrongfully assaulting and battering Plaintiff, intentionally and negligently inflicting emotion distress on her, falsely arresting and falsely imprisoning her, and acting willfully and wantonly toward her.

26. As a direct result of these acts and omissions by these agents, Plaintiff suffered injuries as described above.

## COUNT II
### Battery

27. The Defendant and its investigative or law enforcement officers had a duty to Plaintiff to use reasonable care regarding non-consensual physical contact and/or physical contact of an insulting or provoking nature when interacting with her.

28. Defendant breached that duty when its agents intentionally or knowingly without legal justification and by any means, caused bodily harm to Plaintiff and/or made physical contact of an insulting or provoking nature with Plaintiff, to which she did not consent, so as to constitute the tort of battery under the laws and constitution of the State of Illinois.

29. In so doing, Defendant's agents directly and proximately cause the physical and psychological injuries, pain and suffering, severe mental distress, anguish, and humiliation as alleged above.

## COUNT III
### Assault

30. The Defendant and its investigative or law enforcement officers had a duty to Plaintiff to use reasonable care regarding conduct so as not to cause her to experience a reasonable apprehension of an imminent battery.

31. Defendant breached that duty when its agents intentionally, willfully and wantonly, or with such reckless disregard for their natural consequences, caused Plaintiff to experience a reasonable apprehension of an imminent battery in October of 2025, so as to constitute the tort of assault under the laws and constitution of the State of Illinois.

32. In so doing, Defendant's agents directly and proximately cause the physical and psychological injuries, pain and suffering, severe mental distress, anguish, and humiliation as alleged above.

## COUNT IV
### Intentional Infliction of Emotional Distress

33. The Defendant and its investigative or law enforcement officers had a duty to Plaintiff to use reasonable care regarding staying within the bounds of decency when interacting with her.

34. Defendant breached that duty when its agents intentionally or knowingly without legal justification and by any means, acted in an extreme and outrageous manner toward Plaintiff, going beyond all possible bounds of decency and regarded as intolerable in a civilized community; the emotional distress suffered by Plaintiff was severe; and Defendants' agents knew that severe emotional distress was certain or substantially certain to result from their conduct, so as to constitute the tort of intentional infliction of emotional distress under the laws and constitution of the State of Illinois.

35. In so doing, Defendant's agents directly and proximately cause the physical and psychological injuries, pain and suffering, severe mental distress, anguish, and humiliation as alleged above.

## COUNT V
### Negligent Infliction of Emotional Distress

36. The Defendant and its investigative or law enforcement officers had a duty to Plaintiff to use reasonable care regarding staying within the bounds of decency when interacting with her.

37. Defendant breached that duty when its agents negligently, without legal justification and by any means, acted in an extreme and outrageous manner toward Plaintiff, going beyond all possible bounds of decency and regarded as intolerable in a civilized community; the emotional

7

distress suffered by Plaintiff was severe; and Defendants' agents knew that severe emotional distress was certain or substantially certain to result from their conduct, so as to constitute the tort of negligent infliction of emotional distress under the laws and constitution of the State of Illinois.

38.    In so doing, Defendant's agents directly and proximately cause the physical and psychological injuries, pain and suffering, severe mental distress, anguish, and humiliation as alleged above.

## COUNT VI
## False Imprisonment

39.    The Defendant and its investigative or law enforcement officers had a duty to Plaintiff to use reasonable care regarding the lawful restraint of members of the public.

40.    Defendant breached that duty when its agents unreasonably or unlawfully restrained Plaintiff, without probable cause and against her will, so as to constitute the tort of false imprisonment under the laws and constitution of the State of Illinois.

41.    In so doing, Defendant's agents directly and proximately cause the physical and psychological injuries, pain and suffering, severe mental distress, anguish, and humiliation as alleged above.

## COUNT VII
## False Arrest

42.    The Defendant and its investigative or law enforcement officers had a duty to Plaintiff to use reasonable care regarding arresting members of the public.

43.    Defendant breached that duty when its agents unreasonably or unlawfully restrained or arrested Plaintiff, without probable cause and against her will, so as to constitute the tort of false arrest under the laws and constitution of the State of Illinois.

8

44. In so doing, Defendant's agents directly and proximately cause the physical and psychological injuries, pain and suffering, severe mental distress, anguish, and humiliation as alleged above.

## COUNT VIII
### Gross Negligence

45. The Defendant and its investigative or law enforcement officers had a duty to Plaintiff to use reasonable care regarding willful and wanton behavior toward members of the public.

46. Defendant breached that duty when its agents unreasonably or unlawfully restrained or arrested Plaintiff, without probable cause and against her will, showing an actual or deliberate intention to cause harm, or, if not intentional, showed an utter indifference to or conscious disregard for Plaintiff's safety.

47. In so doing, Defendant's agents directly and proximately cause the physical and psychological injuries, pain and suffering, severe mental distress, anguish, and humiliation as alleged above.

WHEREFORE, Plaintiff Jessie Fuentes demands judgment against Defendant United States of America for compensatory damages, plus costs and attorneys' fees and whatever additional relief this court finds equitable and just.

Dated: May 18, 2026                    Respectfully submitted,

s/ Jan Susler
Jan Susler
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave., 3rd floor
Chicago, IL 60642
773.235.0070

*Attorney for Plaintiff Jessie Fuentes*

9